### H. Harding BROWN and Roberta Brown, husband and wife, Plaintiffs,

v.

### GRAND HOTEL EDEN–A Summit Hotel; Summit Hotels & Resorts; Prima Hotels; HRI Company; Rezsolutions, Inc., a Delaware Corporation; Pegasus Solutions, Inc., formerly known as Pegasus Systems, Inc., a Delaware Corporation; and John Doe and/or ABC Corp., (fictitious names), Defendants.

#### No. 00 CIV. 7346(NRB).

United States District Court, S.D. New York.

April 29, 2002.

---

Andrew R. Jacobs, Epstein, Fitzsimmons, Brown, Ringle, Gioia & Jacobs, P.C., Chatham Township, NJ, for H. Harding Brown, Roberta Brown.

George S. Hodges, Boeggeman, George, Hodges & Corde, P.C., White Plains, NY, for Grand Hotel Eden.

Robert P. Morgan, Hack, Piro, O'Day, Merklinger, Walace & McKenna, P.C., New York City, for Summit Hotels and Resorts, Rezsolutions, Inc.

## MEMORANDUM & ORDER

BUCHWALD, District Judge.

Plaintiffs, H. Harding Brown and Roberta Brown, sue defendants Grand Hotel Eden—A Summit Hotel ("Hotel Eden"), Summit Hotels and Resorts ("Summit Hotels"), Prima Hotels, HRI Company, Rezsolutions, Inc., Pegasus Solutions, Inc., and other unnamed parties for injuries suffered by Mrs. Brown while staying at Hotel Eden, located in Lugano, Switzerland. Hotel Eden moves to dismiss the complaint for lack of personal jurisdiction or for *forum non conveniens*. For the rea-

sons discussed below, Hotel Eden's motion is denied.

## BACKGROUND

Hotel Eden is an independently owned and operated hotel in Lugano, Switzerland. It is also part of the Summit Hotels group of independent hotels that have affiliated for advertising and reservation purposes. Hotel Eden appears on the Summit Hotels website, *www.summithotels.com*, on which customers can make and confirm reservations for all Summit Hotels. Formerly, Hotel Eden was part of the Prima Hotels group, a similar organization. Hotel Eden also maintains its own website, *www.edenlugano.ch*, which enables users to request room and rate information, but which requires the customer to send a return email or fax in order to confirm the reservation.

Plaintiffs made their reservation through a travel agency, Creative Travel Services, Inc., which made the reservation at Hotel Eden with Travel Bound, Inc., a travel wholesaler based in New York, New York. Plaintiffs received a voucher from Travel Bound indicating that they had a fully paid booking. Pulver Decl. ¶ 4. Travel Bound was able to make and confirm the reservations without having to contact Hotel Eden. *Id.* at ¶ 3. Travel Bound is an affiliate of Gulliver's Travel Agency ("Gulliver's")[1], located in the United Kingdom, with whom plaintiffs aver Hotel Eden has a rate contract agreement that gives Gulliver's the right to make and confirm reservations at Hotel Eden. Hotel Eden has denied that it has any relationship with Travel Bound, nor any knowledge of Travel Bound's relationship with Gulliver's Travel Agency, though it does state that it

---

1. Travel Bound's facsimile cover sheet refers to itself as "A Gulliver's Company." Cert. of Andrew Jacobs, Ex. N.

does occasionally enter into agreements with Gulliver's to fill allotments of rooms. Reply Aff. Ex. A, Cert. of Dante Somensini, ¶ 3–5.

On October 4, 1999, the first night of her stay at Hotel Eden, Mrs. Brown tripped and fell on a raised step at the entrance to the ladies' room in Hotel Eden's restaurant. Plaintiffs allege Mrs. Brown did not see the step because it was improperly lit. Mrs. Brown suffered a fractured hip and required surgery. Plaintiffs have brought suit for damages to Mrs. Brown in the amount of one million dollars and for damages to Mr. Brown for loss of society, companionship, and services in the amount of $100,000. The parties conducted discovery for purposes of determining jurisdiction, at the conclusion of which Hotel Eden moved to dismiss the complaint for lack of personal jurisdiction and *forum non conveniens*.

### DISCUSSION

### I. Personal Jurisdiction

■ In a diversity action, personal jurisdiction is determined by the law of the state in which the Court sits. *See, e.g., Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir.1963) (en banc). Accordingly, we must determine: (1) whether there is jurisdiction under C.P.L.R. § 301 because it is doing business in New York [2]; and (2) if so, whether the exercise of jurisdiction is consistent with federal due process requirements.

---

**2.** There is no jurisdiction under New York's long-arm statute, C.P.L.R. § 302(a), because there is an insufficiently strong connection between the reservations made inside the State of New York and the tort itself (requiring that causes of action brought under § 302(a) arise out of the non-domiciliary's contacts with New York). *See Noble v. Sing-*

■ Plaintiff bears the burden of proof in establishing personal jurisdiction over the defendant. *See, e.g., Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (citation omitted); *Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir.1990) (citation omitted). Where, as in this case, discovery has been conducted but the Court has not held an evidentiary hearing, plaintiff's showing "must include an averment of facts that, if credited by the trier [of fact], would suffice to establish jurisdiction over the defendant... [meaning] the prima facie showing must be factually supported." *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) (citations omitted). *See also, Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996) (*citing Ball*).

■ New York law has developed a body of cases relating specifically to the assertion of personal jurisdiction over hotels. A hotel is deemed to be subject to suit in New York if it has an agent doing business within the state. The key factor appears to be whether the potential instate agent has the ability to bind the hotel by accepting and confirming reservations without having to contact the hotel itself. *See I. Oliver Engebretson, Inc. v. Aruba Palm Beach Hotel & Casino*, 587 F.Supp. 844, 851 (1984) (relying on the agent's ability to bind the hotel in its finding of personal jurisdiction). *See also Russell v. Hilton Int'l of Puerto Rico, Inc.*, No. 93 Civ. 2552, 1994 WL 38516, at *3 (1994) (citing *Frummer v. Hilton Hotels Int'l*

---

*apore Resort Motel of Miami Beach*, 21 N.Y.2d 1006, 1008, 290 N.Y.S.2d 926, 927, 238 N.E.2d 328 (1968) (holding that reservations made inside the state of New York were not closely related enough to alleged tort within Florida hotel to warrant jurisdiction under C.P.L.R. § 302).

*Inc.,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967) and explicitly rejecting the arguments that *Frummer* had relied on the affiliation between the booking agent and the principal and that finding an agency in that case would create jurisdiction over all foreign entities who accepted bookings through travel agencies because ordinary travel agencies lack the power to bind the hotels in which they take bookings).

■ Plaintiffs' travel agent made the Browns' reservation with Global Travel, which accepted payment and confirmed the reservation without contacting Hotel Eden. This is strong evidence of agency for purposes of establishing personal jurisdiction. The record presented is limited because Travel Bound did not respond to requests regarding its relationship with Hotel Eden, and the hotel declined to stipulate to the mechanism by which Travel Bound books rooms in Hotel Eden. Furthermore, Hotel Eden has declined to turn over documents that might demonstrate the lack of an agency relationship. Based on the record before the Court, it appears that plaintiffs have averred sufficient facts that, if proven, demonstrate that Travel Bound was acting as an agent for Hotel Eden in New York. Hotel Eden's argument to the contrary must, on this record, be rejected.

Hotel Eden's presence on the Summit Hotels website, which also permits reservations to be confirmed automatically supports our finding that Hotel Eden is "doing business" in the State of New York. *See Hsin Ten Enterprise USA v. Clark Enterprises,* 138 F.Supp.2d 449, 455–56 (S.D.N.Y.2000) (holding that interactive websites, in which customers can place and confirm orders can be sufficient for a finding that a company has transacted business in New York under C.P.L.R. § 302(a)(1)).

Given the ways described above in which Hotel Eden appears to be purposefully availing itself of the benefits of doing business in New York, we find that Hotel Eden could reasonably foresee being haled into court in the state of New York and that, therefore, subjecting Hotel Eden to the jurisdiction of this Court does not violate "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Accordingly, on the basis of the facts submitted and plaintiffs' averments, Hotel Eden's motion to dismiss the complaint for lack of personal jurisdiction is denied. If, in the course of discovery, further evidence comes to light regarding the relationship between Gulliver's and Hotel Eden, the hotel's knowledge of Travel Bound's presence in New York, or how Hotel Eden could be informed of bookings through Travel Bound without learning of its existence, Hotel Eden can renew its motion to dismiss for lack of personal jurisdiction.

## II. Forum Non Conveniens

The doctrine of *forum non conveniens* "leaves much to the discretion of the court to which plaintiff resorts." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *See also Capital Currency Exchange, N.V. v. National Westminster Bank, P.L.C.,* 155 F.3d 603, 609 (2d Cir.1998) ("[T]he decision lies wholly within the broad discretion of the district court....") (quoting *Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 46 (2d Cir.1996)).

■ There are two steps in analyzing a *forum non conveniens* motion. *Peregrine Myanmar*, 89 F.3d at 46. First, the court must determine whether an alternative forum is available and adequate. *See id.; Blanco v. Banco Industrial de Venezuela, S.A.*, 997 F.2d 974, 981 (2d Cir.1993). Second, if an adequate forum is available, the court must then consider the relevant "private" and "public" interest factors and determine whether "the balance of convenience tilts strongly in favor of trial in the foreign forum." *R. Maganlal & Co. v. M.G. Chemical Co.*, 942 F.2d 164, 167–68 (2d Cir.1991) (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839).

■ As we believe that Switzerland would be an adequate forum in which plaintiffs could sue Hotel Eden, we turn to an analysis of the private and public interest factors involved. The Second Circuit has clearly set out the standard for balancing these factors in a series of recent opinions, culminating in *Iragorri v. United Technologies*, 274 F.3d 65 (2001). The Circuit has made it clear that the plaintiff's choice of forum is entitled to a high degree of deference, particularly where the plaintiff is a citizen of the United States. *Id.*, at 71. Contrary to the defendant's assertions, the deference is not affected by whether the plaintiff is a citizen of a state other than the forum state, *id.*, at 73. The deference to plaintiffs' forum choice in this matter is not undermined by any concerns about forum shopping. While some of the factors, such as the locus of the accident and the applicable law, do favor defendant's choice of Switzerland as the forum, they do not overcome the deference to plaintiff's selection of this forum. Plaintiffs have persuasively argued that they would face a heavy burden in pursuing this case in Switzerland, and Hotel Eden has not indicated the identity of a single non-party witness who would be beyond the 100–mile subpoena power of this Court. Fed.R.Civ.P. 45(b)(2). Hotel Eden has failed to meet its burden of proving that the balance of interests tilts strongly in favor of an alternative choice of forum. *Id.*, at 74 ("the greater the degree of deference to which the plaintiff's choice of forum is entitled, the stronger a showing of inconvenience the defendant must make to prevail"). Therefore, defendant's motion to dismiss on *forum non conveniens* grounds is denied.

### CONCLUSION

For the reasons stated above, Hotel Eden's motions to dismiss the complaint for lack of personal jurisdiction or for *forum non conveniens* are denied. The parties should appear for a scheduling conference on May 7, 2002, at 4:30 p.m.

**IT IS SO ORDERED.**